**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

—————————————————— :
STEVEN W. CANNON,                     :
                                      :        Civil Action No. 03-1397 (WGB)
            Petitioner,               :
                                      :
        v.                            :
                                      :              **OPINION**
UNITED STATES OF AMERICA,             :
WARDEN, SOUTH WOODS STATE             :
PRISON,                               :
                                      :
            Respondents.              :
—————————————————— :

**APPEARANCES:**

> STEVEN W. CANNON, Petitioner <u>Pro</u> <u>Se</u>
> Prison #5005076
> 11-A-4
> North Broward Bureau
> P.O. Box 407037
> Ft. Lauderdale, Florida 33340
>
> ANNMARIE COZZI, ESQ.
> Bergen County Prosecutor's Office
> Bergen County Justice Center
> Hackensack, New Jersey 07601
> Attorneys for Warden, South Woods State Prison

**BASSLER, District Judge**

This matter is before the Court on petitioner Steven W. Cannon's application for habeas corpus relief under 28 U.S.C. § 2254. For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

I.   <u>BACKGROUND</u>

Petitioner, Steven W. Cannon ("Cannon"), is presently confined at the Broward County Jail in Ft. Lauderdale, Florida. However, at the time Cannon filed this federal habeas petition challenging his New Jersey state court conviction, he was incarcerated at South Woods State Prison in Bridgeton, New Jersey.

A review of the state court record shows the following with respect to the procedural history of this case.  In 1999, Cannon was charged with third degree aggravated assault, in violation of a N.J.S.A. 2C:12-1b(7).  (Bergen County Accusation No. 99-01-00067-A, Respondent's Exhibit ("RE") 1).  The victim of the assault was Cannon's girlfriend at that time.  On January 19, 1999, Cannon entered a plea agreement in which he pled guilty to the charge in exchange for the State's recommendation that Cannon receive counseling and a non-custodial sentence of time-served. (RE 2).  The court sentenced Cannon on February 26, 1999 to three years probation.  (RE 3).

In January 2000, Cannon was charged with violating the terms of his probation by (1) being arrested for bribery in Westwood, New Jersey, on July 28, 1999;[1] (2) using cocaine; and (3) failing to pay a $91 balance.  Cannon pled guilty to these probation

---

[1]  On December 9, 1999, Cannon pled guilty to one count of third degree gifts to public servants, in violation of N.J.S.A. 2C:27-6b, Bergen County Indictment No. 99-10-1838.

violations.  On January 19, 2000, the court terminated Cannon's probation with respect to the third degree aggravated assault conviction, and order petitioner to serve 119 days in jail.  The court also sentenced Cannon to a three year probationary term, on the bribery charge, with the condition that Cannon serve 175 days in jail and receive 175 days jail credit.  (RE 6).

Thereafter, Cannon again violated probation and was sentenced on October 6, 2000, to a four year prison term to run consecutive to another four year prison term imposed that same day on yet another indictment, Bergen County Indictment No. 00-06-1121, for third degree escape and possession of implements for escape.  (RE 7, RE 8).

Cannon appealed these convictions to the Superior Court of New Jersey, Appellate Division.  (RE 13, 14, and 31).  These appeals were unsuccessful.  The New Jersey Supreme Court denied certification on January 28, 2002 with respect to Cannon's initial appeal.  (RE 16).

On October 31, 2000, Cannon filed a motion for reconsideration of his sentences with respect to his convictions on the escape and bribery charges.  (RE 17).  He also filed a motion to withdraw his plea on the escape charge.  (RE 18).  The state court denied both motions.  (RE 32, 34).  Cannon appealed and the Appellate Division affirmed the lower court's orders. (RE 22, 23).  He did not seek certification on these appeals.

On November 26, 2001, Cannon filed a petition for post-conviction relief ("PCR") in state court.  (RE 24).  The state court referred the matter to the Office of the Public Defender for assignment of counsel.  Several years later, on or about July 14, 2005, petitioner withdrew his state PCR petition, without prejudice, through the Public Defender's Office.  (RE 25, 26).

Cannon was released from prison in New Jersey on May 26, 2005.  (RE 27).  He was transferred to the custody of Florida state authorities pursuant to an outstanding detainer with respect to a probation violation in Florida.  (Re 35).[2]

## II.  CLAIMS FOR HABEAS RELIEF

Although the petition is prolix and somewhat confusing, it appears that Cannon is raising the following claims in his federal habeas petition: (1) that the terms of his plea agreement with respect to time served should bind the New York and Florida courts; (2) ineffective assistance of counsel; (3) loss of commutation and work credits due to the Florida detainer; (4) his sentence of four years in prison on the bribery conviction was illegal; (5) his cases in New York, Florida and New Jersey should have been consolidated; (6) the Westwood Police Department failed

---

[2]   On June 29, 1994, Cannon was sentenced in a Florida state court to a five year prison term and a ten year term of probation for robbery, aggravated assault and battery.  (RE 36, at pg. 7).  The Court presumes that the Florida violation of probation relates to the 1994 probation term.

4

to disclose information in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

In response to the petition, the State argues that Cannon's claims are without merit or fail to state a cognizable federal constitutional violation.  The State also argues that petitioner is no longer "in custody" pursuant to the judgment of conviction that he challenges in this petition.[3]  28 U.S.C. § 2254(a). Finally, the State asserts that Cannon failed to exhaust his state court remedies before bringing this federal habeas petition, and that his claims are now procedurally defaulted. To the extent any of the claims asserted by Cannon in this petition were not exhausted in state court, this Court may opt to review such claims, and deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2).  Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  <u>See</u> <u>also</u> <u>Lambert v. Blackwell</u>, 134 F.3d 506, 514-15 (3d Cir. 1997), <u>cert.</u> <u>denied</u>, 532 U.S. 919 (2001)(a district court may deny a petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), where "it is perfectly clear that an applicant does not raise even a colorable federal claim").

---

[3]  The Court rejects the respondent's argument as to the custody requirement.  Cannon was in custody in a New Jersey state prison at the time he filed his federal habeas petition.

III.   <u>STANDARD GOVERNING REVIEW OF § 2254 CLAIMS</u>

The Court recognizes that a <u>pro</u> <u>se</u> pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Thus, a <u>pro</u> <u>se</u> habeas petition should be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Duarte v. Hurley</u>, 43 F. Supp.2d 504, 507 (D.N.J. 1999).  Because Cannon is a <u>pro</u> <u>se</u> litigant, the Court will accord his petition the liberal construction intended for <u>pro</u> <u>se</u> petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts.  <u>See</u> 28 U.S.C. § 2254(e); <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.), <u>cert</u>. <u>denied</u>, 122 S.Ct. 269 (2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996)(<i>citing</i> <u>Parke v. Raley</u>, 506 U.S. 20, 36 (1992)).  Section 2254(d) sets the standard for granting or denying a habeas writ:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an

6

> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained that subsection (d)(1) involves two clauses or conditions, one of which must be satisfied before a writ may issue.  The first clause, or condition, is referred to as the "contrary to" clause.  The second condition is the "unreasonable application" clause.  <u>Williams</u>, 529 U.S. at 412-13.  In the "contrary to" clause, "a federal court may grant the writ if the state arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Id</u>.  Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case."  <u>Id</u>. at 413.  Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief.  <u>Id</u>. at 411.  <u>See also</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000), <u>cert</u>. <u>denied</u>,

532 U.S. 980 (2001); <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 891 (3d Cir. 1999), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u> <u>Matteo v. Brennan</u>, 528 U.S. 824 (1999).

Consonant with <u>Williams</u>, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims.  First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims.  <u>See</u> <u>Werts</u>, 228 F.3d at 196-97; <u>Matteo</u>, 171 F.3d at 888-891.  If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court unreasonably applied the Supreme Court precedent in reaching its decision.  <u>Werts</u>, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result.  <u>Id</u>.  AEDPA prohibits such *de novo* review. Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable.  <u>Id</u>.  In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court

8

precedent.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Jacobs v. Horn</u>, 395 F.3d 92, 100 (3d Cir. 2005).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  <u>Id.</u>; <u>see</u> <u>also</u> 28 U.S.C. § 2254(e)(1).  The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence.  <u>See</u> <u>Duncan</u>, 256 F.3d at 196 (<i>citing</i> 28 U.S.C. § 2254(e)(1)).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings."  <u>Mastracchio v. Vose</u>, 274 F.3d 590, 597-98 (1st Cir. 2001).

VI.  <u>ANALYSIS</u>

A.  <u>Application of Plea Agreement to Other Jurisdictions</u>

It appears from the petition that Cannon is arguing that the terms of his plea agreement on the 1999 New Jersey state court conviction for third degree aggravated assault, with respect to being given credit for time served, should have applied to his Florida sentence.  He explains that his primary inducement to enter into the plea agreement was to be given the opportunity to reduce his Florida sentence to the minimum amount of "time-served".  He states that he entered into three plea agreements in New Jersey, New York, and Florida with the expectation that no further prison term would be required as a result of his

9

cooperation with New York and Florida authorities with respect to information he disclosed about organized crime activity in Florida.

This Court finds no merit to petitioner's claim. The state prosecutor, in this instance the Bergen County Prosecutor, does not have the authority to bind other state agencies and courts to the terms of a plea agreement dealing specifically with a New Jersey state offense and conviction. Further, the respondents assert that no such representations were made by the Bergen County Prosecutor's Office with regard to this plea agreement. Therefore, because Cannon fails to state a cognizable claim asserting a federal constitutional violation, this ground for habeas relief will be denied.

B.    <u>Ineffective Assistance of Trial Counsel</u>

Next, Cannon argues that his trial counsel, Assistant Deputy Public Defender Francis P. Meehan, Esq., rendered ineffective assistance of counsel with respect to the charges of escape and gifts to a public servant (bribery). Cannon claims that Meehan failed to call a New York detective to testify; that Meehan told petitioner to lie at his plea hearing on the bribery charge; and that Meehan failed to raise a due process entrapment defense to the bribery charge.

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is

the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. Id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973 (2001). Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. The Supreme Court further explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

11

Id. at 689 (citations omitted); see also Virgin Islands v.
Wheatherwax, 77 F.3d 1425, 1431 (3d Cir.), cert. denied, 519 U.S.
1020 (1996).

   If able to demonstrate deficient performance by counsel,
petitioner must also show that counsel's substandard performance
actually prejudiced his defense.  Strickland, 466 U.S. at 687.
Prejudice is shown if "there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the
proceeding would have been different.  A reasonable probability
is a probability sufficient to undermine confidence in the
outcome."  Id. at 694.  The reviewing court must evaluate the
effect of any errors in light of the totality of the evidence.
Id. at 695-96.  Thus, the petitioner must establish both
deficient performance and resulting prejudice in order to state
an ineffective assistance of counsel claim.  Id. at 697.  See
also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

   1.  *Failure to Call New York Detective*

   Cannon appears to contend that his counsel was deficient in
failing to call a New York detective to testify who could have
provided information that would have led to a different result on
the escape and bribery charges.  Cannon does not explain the
exculpatory nature of this "information" or what such information
would have yielded at all.  Respondents argue that this claim is
unexhausted and without merit.

12

This Court finds, under Strickland, that Cannon has failed
to carry his burden of showing how his counsel was deficient; and
moreover, he was wholly unable to prove any prejudicial result
from the attorney's conduct since there was no disclosure of the
information or how it would have effected a different outcome in
this matter.  Therefore, this claim will be denied for lack of
substantive merit.

  2.  *Counsel Coached Cannon to Lie*

Next, Cannon argues that his trial counsel was ineffective
based on his recommendation or instruction to petitioner to lie
at his plea hearing on the bribery charge.  A review of the
December 9, 1999 plea hearing shows that Cannon willingly and
affirmatively pled guilty and answered all of the court's
questions with respect to his understanding of the plea.  There
was nothing to indicate that Cannon lied during this hearing.
"[S]olemn declarations in open court carry a strong presumption
of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).
Therefore, the Court finds no merit to this claim and it will be
denied accordingly.

  3.  *Failure to Raise Entrapment Defense*

Cannon asserts that his counsel was deficient in failing to
pursue a due process entrapment defense with respect to the
bribery offense.  At his plea hearing of December 9, 1999, Cannon
admitted that he was first pulled over by the police officer for

motor vehicle violations involving his car, registration, driving while suspended, and no insurance. After running the car and plates through the computer, the officer learned that the plates were bad and that petitioner's driver's license was suspended. The officer went to Cannon's address and advised Cannon about the problems with the car and his license. The officer also commented on Cannon's watch. Cannon admits that he offered the watch to the officer hoping to induce the officer to drop the charges.

At the plea hearing, Cannon confirmed several times for the court that he initiated the bribe and that the officer did not suggest that a trade be made in dropping the charges for petitioner's watch. The court carefully explained to Cannon that he may have a defense against the bribery charge, and asked repeatedly whether petitioner was aware of his rights to have a trial. Cannon's responses clearly expressed his desire to forego trial in this case. There is nothing in the record or the petition to suggest that petitioner's counsel failed to pursue such a defense. Rather, it is very clear from petitioner's own verification at the plea hearing, that Cannon chose to plead guilty to the charge instead of going to trial on the matter. A plain reading of the record shows that Cannon's plea was made knowingly, willingly, and intelligently.

14

Consequently, this Court finds that the facts in this case, as presented in the state court record by Cannon's very own plea, do not support an argument that defense counsel was ineffective for failing to raise the entrapment defense.  Clearly, the decision to forego defending the case on a claim of entrapment was considered and rejected by defense counsel with petitioner's express approval, as set forth in the record.  There is simply no merit to petitioner's claim.

C.  <u>Loss of Commutation and Work Credits</u>

Next, Cannon asserts that he lost commutation and work credits in prison because of the Florida state detainer lodged against him.  Because Cannon has served his sentence in full, and has been transferred to the custody of Florida state authorities, this claim is rendered moot and will be dismissed accordingly.

D.  <u>Illegal Sentence</u>

Cannon also asserts that his four-year prison was illegal because it violates <u>N.J.S.A.</u> 2C:44-5(f)(1), under New Jersey's state sentencing scheme.  This is a claim based on state law and fails to state a federal constitutional deprivation.  Generally, matters of state law and rules of procedure and evidence are not reviewable in a federal habeas petition.  The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Therefore, this

15

claim will be dismissed for failure to state a claim of a federal constitutional violation.

E.   Failure to Consolidate the Various State Matters

     Cannon also contends that the New Jersey, New York, and Florida state courts should have consolidated the various pending offenses.  Cannon does not assert any federal law or constitutional claim that was allegedly violated in this regard. Instead, petitioner relies solely on a New Jersey state rule of procedure.  As noted above, matters of state law and rules of procedure are not reviewable in a federal habeas petition. Estelle, 502 U.S. at 67-68.  Federal courts must afford the states deference in its determinations regarding evidence and procedure.  See Crane v. Kentucky, 476 U.S. 683, 690 (1986).  It is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim.  The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), cert. denied, 522 U.S. 1109 (1998).

     Cannon asserts no claim of constitutional dimension, nor does he show that he was denied fundamental fairness that resulted in a complete miscarriage of justice.  Moreover, the Supreme Court has stated that "an otherwise valid conviction

16

should not be set aside if the reviewing court may confidently say on the whole record that the constitutional error was harmless beyond a reasonable doubt." <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 681 (1986).  Accordingly, where Cannon has failed to state a federally cognizable claim of constitutional error, this ground for a writ of habeas corpus will be denied.

E.  <u>Brady Violation</u>

_____Finally, it appears that Cannon is asserting a <u>Brady</u> violation, in that the Westwood Police Department failed to disclose certain information.  However, Cannon does not specify the information that was withheld and how it prejudiced petitioner in this matter.

In order to establish a <u>Brady v. Maryland</u> non-disclosure violation, the defense must demonstrate that: (1) the prosecution failed to disclose the evidence; (2) the evidence was of a favorable character to the defendant; and (3) the evidence was material.  <u>Moore v. Illinois</u>, 408 U.S. 786, 794-95 (1972).

As mentioned above, Cannon fails to articulate the information that should have been disclosed.  Thus, there is nothing to show that exculpatory information was withheld, thereby negating the second condition required to establish a <u>Brady</u> violation.  Therefore, this claim also will be denied for lack of merit.

V.   <u>CERTIFICATE OF APPEALABILITY</u>

This Court next must determine whether a certificate of appealability should issue.   <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

<u>**CONCLUSION**</u>

For the above reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.  An appropriate Order follows.


  /S/ WILLIAM G. BASSLER
WILLIAM G. BASSLER, U.S.S.D.J.


DATED: 23 February 2006